# IN THE COURT OF APPEALS OF IOWA

No. 16-0486
Filed August 17, 2016

**IN THE INTEREST OF L.S. AND M.S.,**
**Minor children,**

**R.S, Mother,**
         Appellant.
_____

         Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.

         A mother appeals from the termination of her parental rights to two of her children. **AFFIRMED.**

         Kevin E. Hobbs, West Des Moines, for appellant mother.

         Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

         Michael R. Sorci of the Youth Law Center, Des Moines, for minor children.

         Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

The mother appeals from the termination of her parental rights to two of her children, L.S. and M.S., ages two and three, respectively, at the time of the termination hearing.[1] The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(d) and (h) (2015). We review termination proceedings de novo, and we will affirm if any statutory ground is supported by the record. *See In re M.W.*, 876 N.W.2d 212, 219, 222 (Iowa 2016). The controlling framework is well-established and need not be repeated. *See Id.* at 219–20 (setting forth the applicable "three-step analysis").

The mother maintains the State failed to prove the statutory grounds for termination pursuant to Iowa Code section 232.116(1)(h) by clear and convincing evidence. *See* Iowa Code § 232.116(1)(h)(4) (authorizing the termination of parental rights, as relevant here, where "the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time"). Additionally, the mother maintains termination was not in the children's best interests and permissive statutory factors make termination unnecessary.

The mother and her oldest child, who is not at issue in this case, were previously involved with the Iowa Department of Human Services (DHS) in 2009. The child was adjudicated a child in need of assistance and ultimately placed with his father.

The mother's most recent involvement with DHS began in July 2014, after the mother was found sleeping or passed out in a hot vehicle in a parking lot with

---

[1] The parental rights of M.S.'s father were also terminated. He does not appeal. The parental rights of L.S.'s father were not terminated, and both children were to be placed in his care following the termination hearing.

L.S. and M.S. locked in the car with her. At the time, the mother had track marks on her arm and she admitted that if she were tested for drugs, it would show she had recently used methamphetamine.[2] Since the children were removed in July 2014, the mother has started several substance abuse programs, but she has not successfully completed one.[3] Throughout the pendency of the case, the mother lacked stable housing and employment. At the termination hearing in February 2016, the mother was asked if she was in a position for the children to be returned to her care. She responded, "I am, but I'm not, because I have placement for them, but I haven't completed treatment." Additionally, the mother had been diagnosed with depression, anxiety, attention deficit hyperactivity disorder, and posttraumatic stress disorder. The mother testified she had recently started seeing a psychiatrist and a therapist, but she had not signed a release so DHS could confirm her statements, and she could not provide the name of her therapist when asked. Based on these facts, there is clear and convincing evidence the children could not be returned to the mother's care.

The mother maintains termination is not in the children's best interests because they share a close bond with her; the caseworker also testified that the children are bonded to their mother. However, our consideration is not merely whether there is a parent-child bond, "our consideration must center on whether the child will be disadvantaged by termination, and whether the disadvantage

---

[2] The mother has since denied that she intended to make such a statement, asserting at different times either that she was coerced into making the statement or denying that she meant she had recently used methamphetamine when she made the admission about prior use.

[3] In December 2014, a drug test provided by the mother showed she had recently used methamphetamine and marijuana. Additionally, in March 2015, the mother was stopped by police and a "glass narcotics pipe" was found on her person.

overcomes" the mother's inability to provide for the children's developing needs. *In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010); *see also* Iowa Code § 232.116(2) (setting forth the factors to be considered in determining the child's best interests). Although the children and the mother share a bond, the caseworker testified there is great concern whether the mother can handle caring for the children, even for short periods of time, because the mother needs prompting to feed the children and to change diapers or accompany the children to the bathroom. Although the mother has some family supports that could help her at times, she does not live with those family members. The children were to be placed with L.S.'s father and he intended to adopt M.S. This would allow the children to stay together and achieve permanency. We believe that is in their best interests. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citing *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and her "need for a permanent home")).

The mother also maintains termination would be detrimental to the children due to the closeness of the parent-child bond. *See* Iowa Code § 232.116(3)(c). The children had been out of the mother's care approximately eighteen months at the time of the termination hearing. Although they shared a bond, the mother was still spending only supervised time with the children four times per week. Moreover, the father told the caseworker he would allow the mother to continue visiting the children in a supervised capacity. The language of 232.116(3) is permissive, and the juvenile court correctly decided any bond

was insufficient to justify declining to order termination. *See In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011).

Finally, the mother maintains termination was not necessary because the children were placed with a family member at the time of the termination hearing. *See* Iowa Code § 232.116(3)(a) ("The court need not terminate the relationship between the parent and the child[ren] if . . . [a] relative has legal custody of the children."). The children were not in the legal custody of a family member at the time of the hearing, making the exception inapplicable.

For these reasons, we affirm the juvenile court's termination of the mother's parental rights to her children, L.S. and M.S.

**AFFIRMED.**